IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LORENZO L. JONES,

      Plaintiff,

   v.

U.S. ATTORNEY EDMONDS; U.S. ATTORNEY WILLIAMS; DET. SLATER; DET. BURROUGHS; OFC. STROPKO; and STATE ATTORNEY ZIMMERMAN,

      Defendants.

Case No. 3:24-cv-00239-JR

ORDER

SIMON, Judge

    Plaintiff, an adult in custody at USP Atwater serving a life term of imprisonment on a conviction of Murder in Aid of Racketeering, brings this civil rights action as a self-represented litigant. Currently before the Court are plaintiff's Complaint (ECF No. 1) and plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF NO. 5). For the reasons that follow, the Court DENIES plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and DISMISSES plaintiff's Complaint.

## BACKGROUND

    In his Complaint, plaintiff alleges he brings this action "pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, stating that the defendants above have conspired to deprive rights within the meaning of 42 U.S.C. § 1985(3)[.]" Plaintiff alleges that on January 19, 2018, defendant Officer Stropko detained plaintiff without a warrant or probable cause in furtherance of a conspiracy between defendant Detective Slater and the Eugene and Portland police departments. Plaintiff further alleges that the officers held plaintiff in custody and seized his car, then obtained a wrongfully approved warrant from a state judge. Plaintiff

1 - ORDER

alleges that after state charges were dismissed, the officers then convinced defendants Edmonds and Williams, who are assistant United States Attorneys, to obtain a federal indictment against plaintiff before he had the opportunity to challenge the probable cause for his arrest in state court.

Plaintiff alleges defendants' actions violated his right under the Fourth Amendment to be free from illegal search and seizure, his right under the Tenth Amendment commerce clause, and his due process rights under the Fourteenth Amendment. By way of remedy, plaintiff seeks money damages.

In his Motion for Temporary Restraining Order and Preliminary Injunction, plaintiff expounds on his allegations of violation of his rights in connection with the January 19, 2018, arrest, and subsequent criminal proceedings. By way of remedy, plaintiff seeks an order "restraining the Defendant's, the Bureau of Prisons (BOP) and any other agency, employer, employee or person working in concert or in connection with them, from enforcing the District Court's detention/sentencing Order, and directing any so employed in the interest of justice to immediately release him from custody[.]" Plaintiff also seeks money damages.

## LEGAL STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).[1] When a

---

[1] Under 28 U.S.C. § 1915A(b)(1), a district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee. *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998); *see also Valles v. Attorney General of United States*, Case No. 22-CV-1375 TWR (BGS); 2023 WL 3637028, at *5 (S.D. Cal. May 24, 2023) ("Regardless of whether Plaintiff paid the

plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I.     Plaintiff's Complaint**

As noted, Plaintiff asserts that he brings his claims under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), and that his claims stem from an alleged unlawful search and seizure which took place on January 19, 2018. "The statute of limitations for a *Bivens* claim is equivalent to a personal injury claim in the forum state." *Schwarz v. Meinberg*, 761 Fed. App'x 732, 735 (9th Cir. 2019) (citing *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) and *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991)). In Oregon, the statute of limitations is two years from the date the cause of action accrues. *Willis v. Federal Bureau of Investigation*, Case No. 3:22-cv-00047-JR, 2022 WL 580554, at *2 (D. Or. Feb. 24, 2022) (citing *Van Strum*, 940 F.3d at 1139).

Any claims arising from the January 19, 2018, search and seizure are time barred because the incident occurred more than two years before plaintiff initiated this action. Moreover,

---

full filing fee or was granted IFP status, his Complaint would independently be subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1)").

3 - ORDER

plaintiff does not allege any facts warranting equitable tolling or equitable estoppel under Oregon law.  *See Lugan v. Ford*, Case No. 2:15-cv-02015-MO, 2016 WL 3287369, at *3 (D. Or. June 7, 2016) (limitation period is not tolled under Oregon law during a plaintiff's incarceration and the elements of equitable estoppel require that the defendant made a false representation to induce the plaintiff to allow the filing deadline to pass), *aff'd*, 716 Fed.App'x 699 (9th Cir. 2018); *Sopher v. Washington*, 370 Fed.App'x 846, 847-48 (9th Cir. 2010) (holding that equitable estoppel requires conduct above and beyond the alleged wrongdoing that forms the basis of the claim).  Accordingly, plaintiff's Complaint is untimely.

In addition, as to the two assistant U.S. Attorneys and the state prosecutor named as defendants in plaintiff's Complaint, prosecutors are absolutely immune from civil suits for damages that challenge activities related to the initiation and presentation of criminal prosecutions.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Moreover, to the extent plaintiff's claims may be construed as challenging the legality of his federal criminal conviction, such a challenge may not be presented in a civil rights case.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus"); *Valdez v. United States*, 651 Fed.App'x 626, 627 (9th Cir. 2016) ("To the extent that [plaintiff] seeks release from prison, or modification or commutation of his sentence, dismissal [of his *Bivens* action] was proper because his exclusive remedy is habeas corpus").  Finally, plaintiff may not obtain damages for his alleged unconstitutional confinement under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Hebrard v. Nofziger*, 90 F.4th 1000, 1008 (9th Cir. 2024) ("[T]he *Heck* Court held that to prevent a dismissal of his cause of action, a plaintiff, whose [civil rights] claim arise from 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid,'

4 - ORDER

needed to prove that he had first overturned his conviction or sentence in another proceeding") (quoting *Heck*, 512 U.S. at 486-87).

For these reasons, plaintiff's Complaint must be dismissed under 28 U.S.C. §1915A(b). Because it is clear the deficiencies of plaintiff's Complaint cannot be cured, leave to amend is denied, and plaintiff's complaint is dismissed with prejudice.

## II.     Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff seeks immediate injunctive relief prohibiting defendants as well as the BOP or its employees from enforcing the District Court's sentence, requiring his immediate release from custody, and requiring the defendants to pay money damages. In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-31 (9th Cir. 2011). Under this test, "'serious questions going to the merits and a hardship

5 - ORDER

balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citation omitted).

As discussed above, plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915A(b) and, as such, plaintiff cannot establish a likelihood of relief on the merits. Moreover, the Court cannot issue a preliminary injunction or temporary restraining order against individuals who are not parties to this action, such as the BOP officials identified in plaintiff's motion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 110, 112 (1969); *see also Jackson v. Yeager*, Case No. 2:18-cv-00816-MO, 2018 WL 6204422, at *1 (D.Or. Nov. 27, 2018) (where plaintiff sought injunctive relief against correctional officer who was not a party to the action, plaintiff had no likelihood of success on the merits of such claim). Accordingly, plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction are denied.

## CONCLUSION

For these reasons, IT IS ORDERED that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) is DENIED, and plaintiff's Complaint is

DISMISSED. Because it is clear that the deficiencies of plaintiff's Complaint cannot be cured, the dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

DATED this __17th__ day of May 2024.

_____
Michael H. Simon
United States District Judge

7 - ORDER